IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

VIN DEVERS, INC., etc.,

                          Plaintiff,                    Case No. 3:06 CV 1687

      -vs-

                                                    O  R  D  E  R

DAIMLERCHRYSLER MOTORS
COMPANY, LLC,

                          Defendant.

KATZ, J.

      Pending before this Court is Defendant's motion to dismiss the complaint, or in the alternative, to transfer this case to the United States District Court for the Eastern District of Michigan. (Doc. No. 9). Plaintiff has filed a memorandum in response to that motion, (Doc. No. 12), and the Defendant a reply (Doc. No. 13). For the reasons started below, the Court will deny Defendant's motion as moot.

      The parties in this action had been engaged in a civil action before the United States District for the Eastern District of Michigan, Southern Division. *DaimlerChrysler Motors Company, LLC v. Vin Devers, Inc*., Case No. 06-1237. Defendant in that case, Plaintiff herein, filed a motion to dismiss the case before the Michigan Court or, in the alternative to transfer, venue to this District Court. On January 19, 2007 the Honorable Sean F. Cox issued an opinion and order granting that motion in part and denying it in part. In sum, Judge Cox denied Defendant, Vin Devers, Inc., motion to dismiss the complaint but granted the request to transfer the action to the United States district Court for the Northern District of Ohio. On January 22,

2007 the Clerk for said Court filed a notice of transfer to another district pursuant to Judge Cox's Order.

In light of the above Defendant's motion before this Court is deemed moot since there is now no case pending in the Michigan Court and transfer to that Court would be futile.  Further, as a result of Judge Cox's action, Defendant's motion to dismiss based on the assertion that the Vin Devers, Inc. claims in this action arose out of the same transactions and occurrences as alleged by DaimlerChrysler in the Michigan case is also denied.  Once the Michigan case has been docketed in this Court, the Court will confer with the parties to further consider whether both actions should be consolidated or placed on the same Judge's docket and maintained as separate actions.

IT IS SO ORDERED.

_  s/ *David A. Katz*_____
DAVID A. KATZ
U. S. DISTRICT JUDGE